**STINSON LLP**
Sharon W. Ng (#024975)
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Telephone: 602.279-1600
Facsimile:  602.240-6925
E-mail:  sharon.ng@stinson.com

Todd Noteboom, *admitted pro hac vice*
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612.335.1894
Facsimile: 612.335.1657
E-mail: todd.noteboom@stinson.com

Jeremy A. Root, *admitted pro hac vice*
230 W. McCarty Street
Jefferson City, MO 65101-1553
Telephone: 573.556.3609
Facsimile: 573.556.3635
E-mail: jeremy.root@stinson.com

*Attorneys for Defendant State Farm Life Insurance Company*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl L. McClure, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Life Insurance Company,<br><br>Defendant. | CLASS ACTION<br><br>No. 2:20-cv-01389-SMB<br><br>**STIPULATION TO, AND JOINT MOTION FOR, ENTRY OF STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant State Farm Life Insurance Company and Plaintiff Earl L. McClure hereby stipulate, and jointly move the Court, to enter the parties' proposed Stipulated Protective Order, which is attached as **Exhibit A**. Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Moreover, the parties' proposed Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery. The protection the proposed Stipulated

1   Protective Order affords from public disclosure and use extends only to the limited information

2   or items that are entitled to confidential treatment under the applicable legal principles. The

3   parties acknowledge, as set forth in Section 10.3 of the proposed Stipulated Protective Order,

4   that this proposed Stipulated Protective Order does not entitle the parties to file confidential

5   information under seal. The parties understand they must comply with LRCiv 5.6.

6        Accordingly, the parties hereby stipulate to, and jointly move the Court, to enter the

7   proposed Stipulated Protective Order attached as **Exhibit A**.

8        RESPECTFULLY SUBMITTED this 12th day of March, 2021.

9                                                     **STINSON LLP**

10

11   By:   */s/ Sharon W. Ng*
          Sharon W. Ng
12          1850 North Central Avenue, Suite 2100
          Phoenix, Arizona 85004-4584

13          Todd Noteboom, *admitted pro hac vice*
14          50 South Sixth Street, Suite 2600
          Minneapolis, MN 55402

15          Jeremy A. Root, *admitted pro hac vice*
          230 W. McCarty Street
16          Jefferson City, MO 65101-1553

17          Attorneys for Defendant State Farm
          Insurance Company

18                                                     **MILLER, PITT, FELDMAN &**
19                                                     **MCANALLY P.C.**

20   By:   */s/ Ethan M. Lange* (with permission)
21          José de Jesús Rivera
          Heather L.H. Goodwin
22          2800 N. Central Avenue, Suite 840
          Phoenix, Arizona 85004

23          Ethan M. Lange (*pro hac vice*)
24          Norman E. Siegel (*pro hac vice*)
          STUEVE SIEGEL HANSON LLP
25          460 Nichols Road, Suite 200
          Kansas City, Missouri 64112

26          John J. Schirger *(pro hac vice)*
27          Matthew W. Lytle *(pro hac vice)*
          Joseph M. Feierabend *(pro hac vice)*
28          MILLER SCHIRGER, LLC

                                       2

4520 Main Street, Suite 1570
Kansas City, Missouri 64111

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2021, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the District of Arizona by using the CM/ECF System. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

José de Jesús Rivera
Heather L.H. Goodwin
MILLER, PITT, FELDMAN & McANALLY P.C.
2800 North Central Avenue, Suite 840
Phoenix, Arizona  85004

Norman E. Siegel
Ethan M. Lange
Lindsay Todd Perkins
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

John J. Schirger
Matthew W. Lytle
Joseph M Feierabend
MILLER SCHIRGER, LLC
4520 Main Street, Suite 1570
Kansas City, Missouri  64111

By:   /s/ Kathleen Kaupke

CORE/2063187.0048/165579721.1

# Exhibit A

STINSON LLP
Sharon W. Ng        Bar No. 024975
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
Telephone:   602.212.8676
Facsimile:   602.586.5291
E-mail:        sharon.ng@stinson.com

Todd Noteboom, *admitted pro hac vice*
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:   612.335.1894
Facsimile:   612.335.1657
E-mail:        todd.noteboom@stinson.com

Jeremy A. Root, *admitted pro hac vice*
230 W. McCarty Street
Jefferson City, MO 65101-1553
Telephone:   573.556.3609
Facsimile:   573.556.3635
E-mail:        jeremy.root@stinson.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl L. McClure, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> State Farm Life Insurance Company, <br><br> Defendant. | <u>CLASS ACTION</u> <br><br> CASE NO. 2:20-cv-01389-SMB <br><br> **STIPULATED PROTECTIVE ORDER** |

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

principles.  The parties further acknowledge, as set forth in Section 10.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; LRCiv 5.6 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 1. DEFINITIONS

1.1.  <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

1.2.  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that a Party or third-party reasonably, in good faith believes contains any confidential research, development, trade secret, or commercial information, or any other personal information of any Party or a Party's customer, provided that the Party or third-party has made efforts to maintain confidentiality that are reasonable under the circumstances, whether the CONFIDENTIAL Information is: a document, electronically stored information ("ESI"), or other written material or image; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory, answer, or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

1.3.  <u>Counsel (without qualifier)</u>: Outside Counsel retained in relation to above-captioned litigation and House Counsel (as well as their support staff).

1.4.  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.5.  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.6. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

1.7. <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel or any other outside counsel.

1.8. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.9. <u>Outside Counsel</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or have been retained to represent or advise a party to this action on issues related to this action.

1.10. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

1.11. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.13. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.14. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3

**2. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**3. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4. DESIGNATING PROTECTED MATERIAL**

4.1.    <u>Exercise of Restraint and Care in Designating Material for Protection:</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must

designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2.  <u>Manner and Timing of Designations:</u>  Except as otherwise provided in this Order (see, e.g., third paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.   Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL Pursuant to Protective Order" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or highlighting the relevant portions).

CORE/2063187.0048/162780780.1

1   If any ESI is produced in native file format productions, a
2   Party or Non-Party may designate it as confidential by
3   conspicuously labeling the delivery media for ESI designated as
4   a confidential document as follows: "CONFIDENTIAL Pursuant
5   to Protective Order." In addition, at the election of the Producing
6   Party, the electronic file may have appended to the file's name
7   (immediately following its Bates identifier) the following
8   protective legend: "CONFIDENTIAL Pursuant to Protective
9   Order." When any native file designated "CONFIDENTIAL
10  Pursuant to Protective Order" is converted to a hard-copy
11  document or static image format for any purpose, each page of
12  the document or image shall bear on each page must be marked
13  with a protective legend as described above.

14  A Party or Non-Party that makes original documents or
15  material available for inspection need not designate them for
16  protection until after the inspecting Party has indicated which
17  material it would like copied and produced. During the
18  inspection and before the designation, all of the material made
19  available for inspection shall be deemed "CONFIDENTIAL
20  Pursuant to Protective Order." After the inspecting Party has
21  identified the documents that it wants copied and produced, the
22  Producing Party must determine which documents, or portions
23  thereof, qualify for protection under this Order. Then, before
24  producing the specified documents, the Producing Party must
25  affix the "CONFIDENTIAL Pursuant to Protective Order"
26  legend to each page that contains Protected Material. If only a
27  portion or portions of the material on a page qualifies for
28  protection, the Producing Party must also clearly identify the

6

protected portion(s) (e.g., by making appropriate markings in the margins or by highlighting the relevant portions).

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or by written notice to counsel for Plaintiff no later than thirty (30) days after receipt of the transcript of said deposition, hearing or other proceeding, all protected testimony.  All testimony, regardless of whether designated as "CONFIDENTIAL Pursuant to Protective Order" on the record, shall be treated as "CONFIDENTIAL Pursuant to Protective Order" until thirty (30) days after receipt of the transcript of said deposition by all parties.  Certain depositions may, in their entirety, be designated "CONFIDENTIAL Pursuant to Protective Order" prior to being taken because of the anticipated testimony.  Furthermore, any document designated as "CONFIDENTIAL Pursuant to Protective Order" shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL Pursuant to Protective Order" and/or alter the file name of the native ESI to include "Conf." and shall inform all recipients in writing of the designation at the time that the ESI is produced.  If only a portion or portions of the information or

item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3.   <u>Inadvertent Failures to Designate:</u> If corrected, an inadvertent or unintentional failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1.   <u>Timing of Challenges:</u> Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness; unnecessary economic burdens; or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2.   <u>Meet and Confer:</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to

8

1    reconsider the circumstances, and, if no change in designation is offered, to

2    explain the basis for the chosen designation.  A Challenging Party may

3    proceed to the next stage of the challenge process only if it has engaged in

4    this meet and confer process first or establishes that the Designating Party

5    is unwilling to participate in the meet and confer process in a timely manner.

6    5.3.   Judicial Intervention:   If the Parties cannot resolve a challenge without

7    Court intervention, the Designating Party shall file and serve a motion to

8    retain confidentiality within 21 days of the initial notice of challenge or

9    within 14 days of the Parties agreeing that the meet and confer process will

10   not resolve their dispute, whichever is earlier.  Each such motion must be

11   accompanied by a competent declaration affirming that the movant has

12   complied with the meet and confer requirements imposed in the preceding

13   paragraphs.   Failure by the Designating Party to make such a motion

14   including the required declaration within 21 days (or 14 days, if applicable)

15   shall   automatically   waive   the   confidentiality   designation   for   each

16   challenged designation.  In addition, the Challenging Party may file a

17   motion challenging a confidentiality designation at any time if there is good

18   cause for doing so, including a challenge to the designation of a deposition

19   transcript or any portions thereof. Any motion brought pursuant to this

20   provision must be accompanied by a competent declaration affirming that

21   the movant has complied with the meet and confer requirements imposed

22   by the preceding paragraph.

23   The burden of persuasion in any such challenge proceeding shall be on

24   the Designating Party.   Frivolous challenges, and those made for an

25   improper purpose (e.g., to harass or impose unnecessary expenses and

26   burdens on other parties) may expose the Challenging Party to sanctions.

27   Unless the Designating Party has waived the confidentiality designation by

28   failing to file a motion to retain confidentiality as described above, all

parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**6.   ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1.   <u>Basic Principles:</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2.   <u>Final Disposition:</u>  Nothing in this Protective Order disallows State Farm Life Insurance Company from:

(a) Complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law;

(b) Adding information discovered that is relevant to a claim to the relevant electronic record in its electronic claim system;

(c) Disclosing evidence of a crime or fraud;

(d) Retaining information necessary to meet mandated retention requirements; or

(e) Retaining copies of Protected Material that may exist on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course provided that should a copy of the Confidential Information be accessed, it will not be used for a purpose inconsistent with this Order.

6.3.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

     (a) The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

     (b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A)";

     (d) The Court and its personnel;

     (e) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

     (f) Outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production;

     (g) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

CORE/2063187.0048/162780780.1

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or knew the information;

(i) Law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

(j) A jury involved in litigation concerning the claims and defenses to any claims in this lawsuit;

(k) Anyone as otherwise required by law;

(l) As authorized by the Parties specifically.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions shall be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

8.1.   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL Pursuant to Protective Order." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Non-Party.

8.3.   If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in

CORE/2063187.0048/162780780.1

its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. MISCELLANEOUS

10.1.   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2.   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3.   <u>Filing Protected Material</u>: Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with LRCiv 5.6.

CORE/2063187.0048/162780780.1

1

## 11. FINAL DISPOSITION

2   Subject to paragraph 6.2 above, within 60 days after the final disposition of this

3 action, as defined in Section 3, each Receiving Party must return all Protected Material

4 to the Producing Party or destroy such material.  As used in this subdivision, "all Protected

5 Material" includes all copies, abstracts, compilations, summaries, and other format

6 reproducing or capturing any of the Protected Material.  Whether the Protected Material

7 is returned or destroyed, the Receiving Party must submit a written certification to the

8 Producing Party (and, if not the same person or entity, to the Designating Party) by the

9 60 day deadline that (1) identifies (by category, where appropriate) all of the Protected

10 Material that was returned or destroyed; and (2) affirms that the Receiving Party has not

11 retained any copies, abstracts, compilations, summaries, or any other format reproducing

12 or capturing any of the Protected Material.

13   Notwithstanding this provision, Counsel are entitled to retain an archival copy of

14 all documents filed with the court; pleadings; motion papers; trial, deposition, and hearing

15 transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert

16 reports; attorney work product; and consultant and expert work product, even if such

17 materials contain Protected Material.  Any such archival copy that contains or constitutes

18 Protected Material remains subject to this Protective Order as set forth in Section 3

19 (DURATION).

20 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

21

22

23

24

25

26

27

28

15

Dated: March 12, 2021

Respectfully Submitted,

By: s/Norman E. Siegel  (with permission)
    Norman E. Siegel (admitted *pro hac vice*)
    siegel@stuevesiegel.com
    Ethan M. Lange (admitted *pro hac vice*)
    lange@stuevesiegel.com
    **STUEVE SIEGEL HANSON LLP**
    460 Nichols Road, Suite 200
    Kansas City, Missouri 64112
    Tel: 816-714-7100
    Fax: 816-714-7101

    John J. Schirger (admitted *pro hac vice*)
    jschirger@millerschirger.com
    Matthew W. Lytle (admitted *pro hac vice*)
    mlytle@millerschirger.com
    Joseph M. Feierabend (admitted *pro hac vice*)
    jfeierabend@millerschirger.com
    **MILLER SCHIRGER, LLC**
    4520 Main Street, Suite 1570
    Kansas City, Missouri 64111
    Tel: 816-561-6500
    Fax: 816-561-6501

    José de Jesús Rivera
    Heather L.H. Goodwin
    MILLER, PITT, FELDMAN &
    McANALLY P.C.
    2800 North Central Avenue, Suite 840
    Phoenix, Arizona 85004

*Attorneys for Plaintiff*

**STINSON LLP**

By: /s/ *Sharon W. Ng*
    Sharon W. Ng
    1850 N. Central Avenue, Suite 2100
    Phoenix, AZ 85004

    Todd Noteboom, *admitted pro hac vice*
    50 South Sixth Street, Suite 2600
    Minneapolis, MN 55402

    Jeremy A. Root, *admitted pro hac vice*
    230 W. McCarty Street
    Jefferson City, MO 65101-1553

    *Attorneys for Defendant State Farm Life*
    *Insurance Company*

1

**CERTIFICATE OF SERVICE**

2         I hereby certify that on March 12, 2021, I caused the foregoing document to be

3   filed electronically with the Clerk of the Court through ECF, and served the counsel of

4   record via the Court's CM/ECF System.

5
          José de Jesús Rivera
6         Heather L.H. Goodwin
          MILLER, PITT, FELDMAN & McANALLY P.C.
7         2800 North Central Avenue, Suite 840
          Phoenix, Arizona 85004
8
          Norman E. Siegel
9         Ethan M. Lange
          Lindsay Todd Perkins
10        STUEVE SIEGEL HANSON LLP
          460 Nichols Road, Suite 200
11        Kansas City, Missouri 64112

12        John J. Schirger
          Matthew W. Lytle
13        Joseph M Feierabend
          MILLER SCHIRGER, LLC
14        4520 Main Street, Suite 1570
          Kansas City, Missouri 64111

15

16                                    /s/ *Kathleen Kaupke*

17

18

19

20

21

22

23

24

25

26

27

28

CORE/2063187.0048/162780780.1

1

## **EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of perjury that I

5 have read in its entirety and understand the Stipulated Protective Order that was issued by

6 the United States District Court for the District of Arizona on [date] in the case of *Earl A.*

7 *McClure v. State Farm Life Insurance Company*, case no. 2:20-cv-01389-SMB.  I agree to

8 comply with and to be bound by all the terms of this Stipulated Protective Order and I

9 understand and acknowledge that failure to so comply could expose me to sanctions and

10 punishment in the nature of contempt. I solemnly promise that I will not disclose in any

11 manner any information or item that is subject to this Stipulated Protective Order to any

12 person or entity except in strict compliance with the provisions of this Order.

13    I further agree to submit to the jurisdiction of the United States District Court for the

14 District of Arizona for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after termination of this action.

16    I hereby appoint _____ [print or type full name] of

17 _____ [print or type full address and telephone

18 number] as my Arizona agent for service of process in connection with this action or any

19 proceedings related to enforcement of this Stipulated Protective Order.

20

21 Date: _____

22 City and State where sworn and signed: _____

23

24 Printed name: _____

25

26 Signature: _____

27

28

18