**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl L McClure, | No. CV-20-01389-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| State Farm Life Insurance Company, | |
| Defendant. | |

Plaintiff's Motion to Approve and Disseminate Class Notice ("Motion") came before the Court on the briefing papers. (Docs. 100. 102, & 103.)

Federal Rule of Civil Procedure 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3) … the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.*; *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Rule 23 further requires that members of certified classes be given the opportunity to "request exclusion" from having their claims tried as part of the class proceeding, otherwise known as the right to "opt out" of the case. Fed. R. Civ. P. 23(c)(2)(B)(v). Notice of the pendency of a Rule 23(b)(3) class action is to be made by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

Plaintiff seeks an order from the Court that Defendant State Farm provide a class list no later than 3 days after the Court's order. State Farm objects to being given only 3

days and asks for 14 days. Plaintiff has offered no reason why such a short time to comply is necessary. There is no pending trial date, and Plaintiff has offered no explanation for why an additional 11 days would impede his prosecution of this case. The Court will order State Farm to comply within 14 days of this Court's order.

State Farm makes several objections and requests several changes to the proposed notice form and exclusion request form. Those objections and Plaintiff's responses have been considered, and the Court determines that some modifications should be made. Specifically, State Farm objects to language in paragraph 1 that suggests the person receiving the notice has been identified as a legal representative of an owner of a Form 94030 life insurance policy. Plaintiff objects and argues that the language is not misleading and has been accepted by other courts, so this Court should follow suit. First, just because another court in another district has approved the language is not persuasive. The term "legal representative" does have a specific meaning in legal proceedings, and the Court agrees with State Farm that the people receiving the notice may not be a legal representative in the legal sense. Therefore, Plaintiff shall remove the objected to language but may replace it with a phrase without the legal terminology such as "or are a family member of a deceased owner."

State Farm then asks for the Court to order Plaintiff to include the following statement in paragraph 9: "Class counsel is obligated to identify those legal representatives prior to trial." Plaintiff objects arguing that State Farm has not provided any authority for placing that obligation on class counsel. The Court agrees with Plaintiff, and this objection is overruled.

The next objection by State Farm is to Paragraph 5. State Farm asks for an additional four lines in the explanation of their answer to the claim. Plaintiff objects because the additional lines make the paragraph unnecessarily long and is misleading. The Court agrees and this objection is overruled.

State Farm also asks that Paragraph 19 include language telling potential class members they may email class counsel to get more information. Plaintiff objects because

it is unnecessary as that information is already contained in Paragraph 14. The Court agrees, and this request is denied.

Finally, State Farm brings a dispute (that is not really disputed) over the proposed exclusions contained in paragraph 9. State Farm argues that the class action notice contains an exclusion that was not included in the Court's certification order. It's true that the Court did not previously rule affirmatively on the exclusions because the argument was put forth by Plaintiff in a footnote. "A footnote is the wrong place for substantive arguments on the merits of a motion." *In re Allstate Life Ins. Co. Litig.*, No. CV-09-08162-PCT-GMS, 2013 WL 5974916, at *1 (D. Ariz. Nov. 5, 2013) (quoting *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 n.4 (N.D. Cal. 2008); *see also Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-00772-GMN-NJK, 2016 WL 3584629, at *2 (D. Nev. July 1, 2016) (citing *United States v. Strong*, 489 F.3d 1055, 1060 n.4 (9th Cir. 2007)) ("The [c]ourt need not consider substantive argument summarily raised in footnotes."). State Farm also did not address or object to the requested exclusions in its Response to Plaintiff's Motion for Class Certification. (*See* Doc. 52.) State Farm still does not object to the exclusions here but asks the Court to engage in some analysis of its own to determine if the exclusions are appropriate. Yet, State Farm's proposed Notice, (Doc. 102-1), includes the exclusions as requested by Plaintiff with the addition of one word. The Court finds this is not an objection that needs further discussion.

**IT IS HEREBY ORDERED** that the Motion is granted as follows:

- Approving the Notice of Class Action Lawsuit consistent with the corrections noted in this order; and
- State Farm shall provide the Class List to Class Counsel no later than 14 days after the Court's entry of this Order.

Dated this 22nd day of July, 2022.

Honorable Susan M. Brnovich
United States District Judge